UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No.  2:21-cv-0306 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff, a state prisoner, proceeds without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(a). For the reasons stated below, plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

　　　A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

　　　Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See (1) Jolivette v. State of California, No. 2:13-cv-0069 TLN DAD

(E.D. Cal. August 26, 2014) (order dismissing action for failure to state a cognizable claim for relief); (2) Jolivette v. State of California, No. 3:16-cv-0092 RCJ WGC (D. Nev. April 26, 2016) (order denying application for leave to proceed in forma pauperis and dismissing action as one of many "factually frivolous" actions previously filed by plaintiff where he "attempt[ed] to register and execute on purported foreign judgments"); and (3) Jolivette v. State of California, No. 16-16278 (9th Cir. May 18, 2017) (order denying plaintiff's application for leave to proceed in forma pauperis and dismissing appeal as frivolous).

In addition, in two other cases plaintiff recently filed in this district, it was found that plaintiff is limited under section 1915(g) as to obtaining in forma pauperis status for future filings in this court. See Jolivette v. Superior Court of California, 2:21-cv-0382 KJM EFB P (E.D. Cal. March 29, 2021); Jolivette v. People of California, No. 2:21-cv-0332-KJM-EFB P (E.D. Cal. March 19, 2021). The same determination is warranted in this case. Plaintiff may only obtain in forma pauperis status in this court for future filings if he is under imminent danger of serious physical injury when he files the action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (establishing plausible allegation of ongoing danger standard).

In this case, plaintiff's complaint seeks to "register" a foreign judgment. See ECF No. 1 at 5 (alleging he is owed $10,755,500). The complaint reveals no indication plaintiff is currently under imminent danger of serious physical injury. Because the complaint fails to demonstrate plaintiff was under an imminent danger of serious physical injury when he filed this action, his application for leave to proceed in forma pauperis must be denied. Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 29, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
Orders\Prisoner.Civil.Rights\joli0306.1915(g)