UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE, | No. 2:21-cv-0306 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 30, 2021, it was recommended that plaintiff not be allowed to proceed in forma pauperis under 28 U.S.C. § 1915(g) in this case. (ECF No. 10.) Plaintiff subsequently paid the filing fee.

Notwithstanding the payment of the filing fee, the court is required to screen this complaint brought by a prisoner and seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to section 1915A(a), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to state a valid claim, plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Id.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) violation of a right secured by the Constitution or laws of the United States (2) committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff's complaint requests this court to register a foreign judgment in the amount of $10,000,000.00. Plaintiff claims he and the People of California entered into a settlement agreement for that sum. (ECF No. 1 at 15.) Plaintiff has attached to the complaint what he alleges are two pages from the settlement agreement and additional documents purporting to be official records of the "adjudicator court" which was a private alternative dispute resolution service. (Id. at 20-21, 27, 33.)

At the outset, plaintiff may not pursue civil rights claims under 42 U.S.C. § 1983 against the People of the State of California because it is not a "person" for purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983). As such, plaintiff fails to state a valid claim for relief.

Moreover, plaintiff fails to establish this court's jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This court has an independent obligation to address sua sponte whether it has subject matter jurisdiction. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir.1999). The complaint fails to identify a valid court that supposedly issued the

judgment sought to be enforced. An action to enforce a private agreement is not a federal question and does not confer this court's limited jurisdiction. See Ferguson v. Flying Tiger Line, Inc., 688 F.2d 1320, 1321-22 (9th Cir. 1982) (contract disputes are governed by California contract law).

The court notes plaintiff has filed a multitude of cases in district courts in the Ninth Circuit attempting to register and execute on purported foreign judgments. See, e.g., Jolivette v. People of California, 3:16-cv-00092, 2016 WL 1714222 (D. Nev. Mar. 10, 2016) (collecting over 15 cases in which plaintiff unsuccessfully attempted to register foreign judgments). Plaintiff has recently attempted to register foreign judgments through petitions for writ of habeas corpus and petitions for writ of mandamus. See, e.g., Jolivette v. Gastello, No. 2:19-cv-02173 KJM AC P, 2020 WL 229977 (E.D. Cal. Jan. 15, 2020); Jolivette v. People of the State of California, No. 19-cv-04213-EMC, 2019 WL 6771782, at *2 (N.D. Cal. Dec. 12, 2019). This attempt under 42 U.S.C. § 1983 fares no better.

Plaintiff's attempt to register a judgment for $10,000,000 against the People of the State of California is legally frivolous and without merit on its face. Accordingly, the complaint should be dismissed. See Hagans v. Lavine, 415 U.S. 528, 543 (1974) (a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). Although the Federal Rules of Civil Procedure favor liberal amendment, Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004), granting leave to amend in this case would be futile. See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014).

Accordingly, IT IS RECOMMENDED this action be dismissed as frivolous, for failure to state a claim and for lack of subject matter jurisdiction, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 24, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
joli0306.screen